## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FRANK DeMARCO                                    *
                                                 *
    PLAINTIFF,                                *
                                                 *
v.                                               *
                                                 *
NIGHTINGALE HEALTHNET CORPORATION  *          Case No.:  09-cv-3116
                                                 *
    DEFENDANT.                                *

*******************************************************************************

### PLAINTIFF/COUNTERCLAIM DEFENDANT FRANK DeMARCO'S ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF NIGHTINGALE HEALTHNET CORPORATION'S AMENDED COUNTERCLAIM

Plaintiff/Counterclaim Defendant, Frank DeMarco ("Mr. DeMarco"), by and through his undersigned counsel, hereby submits his Answer and Defenses to the Amended Counterclaim brought against him by Defendant Nightingale Healthnet Corporation ("Nightingale") as follows.

### FACTS

1.    Mr. DeMarco admits Nightingale's allegations in paragraph 1.

2.    Mr. DeMarco admits Nightingale's allegations in paragraph 2.

3.    Mr. DeMarco admits Nightingale's allegations in paragraph 3.

4.    Mr. DeMarco denies Nightingale's allegations in paragraph 4.

5.    Mr. DeMarco denies Nightingale's allegations in paragraph 5.

6.    Mr. DeMarco denies Nightingale's allegations in paragraph 6.

7.    Mr. DeMarco denies Nightingale's allegations in paragraph 7.

8.    Mr. DeMarco denies Nightingale's allegations in paragraph 8.

9.    Mr. DeMarco denies Nightingale's allegations in paragraph 9.

10.    Mr. DeMarco denies Nightingale's allegations in paragraph 10.

11.    Mr. DeMarco denies Nightingale's allegations in paragraph 11.

12.     Mr. DeMarco denies Nightingale's allegations in paragraph 12.

13.     Mr. DeMarco denies Nightingale's allegations in paragraph 13.

14.     Mr. DeMarco denies Nightingale's allegations in paragraph 14.

15.     Mr. DeMarco denies Nightingale's allegations in paragraph 15.

16.     Mr. DeMarco denies Nightingale's allegations in paragraph 16.

17.     Mr. DeMarco denies Nightingale's allegations in paragraph 17.

## COUNT I
## BREACH OF CONTRACT

18.     Mr. DeMarco incorporates by reference his responses to Paragraphs 1 through 17 as if fully restated herein.

19.     Mr. DeMarco denies Nightingale's allegations in paragraph 19.

20.     Mr. DeMarco denies Nightingale's allegations in paragraph 20.

21.     Mr. DeMarco denies Nightingale's allegations in paragraph 21.

## COUNT II
## UNJUST ENRICHMENT

22.     Mr. DeMarco incorporates by reference his responses to Paragraphs 1 through 21 as if fully restated herein.

23.     Mr. DeMarco denies Nightingale's allegations in paragraph 23.

24.     Mr. DeMarco denies Nightingale's allegations in paragraph 24.

25.     Mr. DeMarco denies Nightingale's allegations in paragraph 25.

26.     Mr. DeMarco denies Nightingale's allegations in paragraph 26.

27.     Mr. DeMarco denies Nightingale's allegations in paragraph 27.

## COUNT III
## PROMISSORY ESTOPPEL

28.     Mr. DeMarco incorporates by reference his responses to Paragraphs 1 through 28 as if

fully restated herein.

     29.    Mr. DeMarco denies Nightingale's allegations in paragraph 29.

     30.    Mr. DeMarco denies Nightingale's allegations in paragraph 30.

     31.    Mr. DeMarco denies Nightingale's allegations in paragraph 31.

     32.    Mr. DeMarco denies Nightingale's allegations in paragraph 32.

## COUNT IV
## BREQACH OF CONTRACT
## (EMPLOYMENT AGREEMENT)

     33.    Mr. DeMarco incorporates by reference his responses to Paragraphs 1 through 32 as if fully restated herein.

     34.    Mr. DeMarco denies Nightingale's allegations in paragraph 34.

     35.    Mr. DeMarco denies Nightingale's allegations in paragraph 35.

     36.    Mr. DeMarco denies Nightingale's allegations in paragraph 36.

     37.    Mr. DeMarco denies Nightingale's allegations in paragraph 37.

     38.    Mr. DeMarco denies Nightingale's allegations in paragraph 38.

     39.    Mr. DeMarco denies Nightingale's allegations in paragraph 39.

     40.    Mr. DeMarco denies Nightingale's allegations in paragraph 40.

## COUNT V
## BREACH OF FIDUCIARY DUTY OF LOYALTY

     41.    Mr. DeMarco incorporates by reference his responses to Paragraphs 1 through 40 as if fully restated herein.

     42.    Mr. Demarco denies Nightingale's allegations in paragraph 42.

     43.    Mr. DeMarco denies Nightingale's allegations in paragraph 43.

     44.    Mr. DeMarco denies Nightingale's allegations in paragraph 44.

## DEFENSES

1.      Nightingale's Amended Counterclaim fails to state a claim upon which relief can be granted.

2.      Nightingale's Amended Counterclaim is bared by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

3.      To the extent that Nightingale is entitled to any relief, such relief must be deducted from the substantial sums Nightingale owes Mr. DeMarco as alleged in Mr. DeMarco's Amended Complaint.

4.      If Mr. DeMarco owed any duty to Nightingale, such duty has been fully performed, satisfied, and/or discharged.

5.      Any breach of any agreement by Mr. DeMarco is excused due to Nightingale's prior material breach of agreements between Mr. DeMarco and Nightingale.

6.      Nightingale's failure to maintain good standing with the Maryland Department of Assessment and Taxations during the relevant time period bars Nightingale from recovery.

7.      Mr. DeMarco reserves the right to assert additional defenses, as appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. DeMarco prays for judgment against Nightingale as follows:

1.      For an Order dismissing Nightingale's Amended Counterclaim with prejudice, and entering judgment in favor of Mr. DeMarco and against Nightingale;

2.      For all costs, disbursements, and reasonable attorney's fees incurred by Mr. DeMarco in connection with the defense of this Amended Counterclaim; and

3.      For any other such further relief this Court or a jury deems appropriate.

## **PRAYER FOR JURY TRIAL**

Mr. DeMarco requests a jury trial on all issues so triable.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Esq., Bar No. 03932
Gregg C. Greenberg, Esq. Bar No.17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com
        ggreenberg@zipinlaw.com

*Counsel for Plaintiff / Counterclaim Defendant*