IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANK DeMARCO | * |
| PLAINTIFF, | * |
| v. | * Case No. 09-cv-3116 |
| NIGHTINGALE HEALTHNET CORPORATION | * |
| DEFENDANT. | * |

\***********************************************************************

## SECOND AMENDED COMPLAINT

The Plaintiff, Frank DeMarco ("Plaintiff"), submits his Second Amended Complaint against Defendant, Nightingale Healthnet Corporation ("Defendant"), for failing to pay him wages due, in violation of the Delaware Wage Payment and Collection Law, Delaware Code, Labor Article §§ 19-1101 *et seq*. (hereinafter "DWPCL") and for other damages set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland.

2. Defendant is a Corporation formed under the laws of the Commonwealth of Massachusetts with its Principal Place of Business located in Pembroke, Massachusetts. At all times relevant, Defendant engaged in a substantial amount of business activities in the State of Maryland.

3. This Court has jurisdiction over this matter and Defendant pursuant to 28 U.S.C. § 1332 (diversity of citizenship with amount in controversy exceeding $75,000.00). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

## FACTS

4. In February 2007, Plaintiff entered into an employment contract with Defendant to work for Defendant as Defendant's Regional Sales Manager, Physician Strategies, Mid-Atlantic

Region. Per the terms of the contract, Defendant promised to pay Plaintiff compensation and benefits pursuant to the following pay plan:

    a.    A fixed salary at the annual rate of $75,000.00 paid in equal installments every other week;

    b.    An earned commissions in the amount of 6% of Plaintiff's annual sales[1];

    c.    A car allowance in the amount of $500.00 per month;

    d.    An internet allowance in the amount of $60.00 per month;

    e.    A standard health care package; and

    f.    Two (2) weeks paid vacation during each calendar year of employment.

5.    In December, 2007, Plaintiff performed job duties in the State of Maryland that lead to him initiating and closing a very large agreement on behalf of Defendant with Baltimore Harbor Hospital ("Harbor").

6.    The agreement between Defendant and Harbor was an agreement for Plaintiff to provide Harbor with revenue cycle management services for Harbor's internal physician group.

7.    Per the terms of the agreement, Harbor agreed to pay Defendant, on a recurring monthly basis, three million six hundred thousand dollars ($3,600,000.00) over a three-year term contract. The agreement further provided that the end of the three (3) year term, Harbor had an option to renew the agreement.

8.    Pursuant to Plaintiff's employment contract, because Plaintiff caused the agreement between Defendant and Harbor to occur, Plaintiff earned an entitlement to commissions in the amount of 6% of all revenue earned by Defendant from the agreement including revenue realized

---

[1] The exact commission percentage of 6% was agreed to by the parties at the commencement of Plaintiff's employ. The parties, however, did not include the exact percentage in the written contract. The parties agreed that the 6% commission percentage was incorporated into the contract with the same effect as if the 6% commission was written in the contract at the time the parties signed it.

by Defendant if Harbor utilized its option to extend the contract for one or several more terms. Accordingly, Defendant earned, and is owed, commissions in the amount of at least 6% of 3.6 million dollars, $216,000.00.

9.  On many occasions since the agreement between Defendant and Harbor was finalized, and Defendant began to realize revenue from the Harbor contract, Plaintiff has requested that Defendant pay him earned commission on all revenue realized by Defendant from the agreement.

10. Despite Plaintiff's proper requests for payment his earned commissions, Defendant has failed and refused to pay Plaintiff his earned commissions.

11. Defendant's failure and refusal to pay Plaintiff his earned commissions caused Plaintiff to end his employ with Defendant and constituted a constructive termination of Plaintiff's employment, effective July 2008.

12. Following the end of Plaintiff's employ with Defendant, Plaintiff requested that Defendant pay him the monetary value of all of his earned and accrued vacation pay.

13. Despite Plaintiff's proper request for payment of all of his earned and accrued vacation pay, Defendant has failed and refused to pay Plaintiff all of his earned and accrued vacation pay.

## CAUSES OF ACTION

### COUNT I
**VIOLATION OF THE DELAWARE WAGE PAYMENT AND COLLECTION LAW**

14. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-13 above, as if each were set forth herein.

15. As noted above, at the commencement of Plaintiff's employ, Plaintiff and Defendant entered into an employment contract whereby Defendant promised to pay Plaintiff commissions

in the amount of 6% of all revenue realized on all sales Plaintiff caused to occur.

16.     As noted above, Plaintiff caused an agreement to occur between Defendant and Harbor whereby Defendant has earned, or will earn, revenues exceeding 3.6 million dollars.

17.     Per the terms of Plaintiff's employment contract with Defendant, Plaintiff is entitled to, and is owed, 6% of all revenues earned by Defendant from the agreement with Harbor, at least $216,000.00.

18.     Despite Plaintiff causing the agreement between Defendant and Harbor to occur, and Defendant realizing substantial revenue from the Harbor agreement, Defendant has failed and refused to pay Plaintiff any commission arising from the agreement.

19.     On many occasions, Plaintiff has requested that Defendant pay him his earned commissions from the Harbor agreement. Despite Plaintiff's proper requests for payment, Defendant has failed and refused to pay Plaintiff his earned commissions.

20.     Additionally, Defendant promised, at the end of Plaintiff's employment, to pay Plaintiff the monetary value of all of his earned and accrued vacation pay. At the end of Plaintiff's employ, Plaintiff requested that Defendant pay him the monetary value of his earned and accrued vacation pay. Despite Plaintiff's proper request for payment, Defendant has failed and refused to pay Plaintiff all of his earned and accrued vacation pay.

21.     The employment contract between Plaintiff and Defendants states that is to be interpreted under the laws of the State of Delaware. As such, Defendant's failure to pay earned commissions and earned and accrued vacation pay as guaranteed by the terms of the contract trigger the civil relief set forth in the DWPCL.

22.     All commissions and vacation pay described above constitute "wages" pursuant to the DWPCL. At all times relevant, Plaintiff qualified as an "employee" of Defendant pursuant to the

DWPCL. At all times relevant, Defendant constituted Plaintiff's "employer" pursuant to the DWPCL.

23. Defendant's failure and refusal to pay Plaintiff his earned commissions and his earned vacation pay constitutes a violation of the DWPCL.

24. Defendant's failure and refusal to pay all wages due, as required by the DWPCL, was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Plaintiff prays that he be awarded judgment on Count I of his Complaint against Defendant for all unpaid commissions and earned and accrued vacation pay in such an amount as is proven at trial, plus additional damages the wages due, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT II
## BREACH OF CONTRACT

25. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-24 above, as if each were set forth herein.

26. Plaintiff and Defendant entered into an employment contract. Per the terms of the contract, Defendant promised, *inter alia*, that in consideration for Plaintiff performing work for Defendant, Defendant would pay Plaintiff commissions in the amount of 6% of the revenue for all sales and agreements he caused to occur. Defendant further promised that Defendant would pay Plaintiff, at the end of his employ, the monetary value of all of his earned and accrued vacation pay.

27. Plaintiff performed, in a workmanlike manner, all work required by Defendant under the contract.

5

28. Despite full performance by Plaintiff, Defendant failed and refused to pay Plaintiff any his commissions or the total amount of his earned and accrued vacation pay as required by the contract. Defendant's failure to compensate Plaintiff as prescribed by the contract constituted a breach of contract and caused Plaintiff to suffer damages as a consequence thereof.

WHEREFORE, Defendant is liable to Plaintiff under Count II for all unpaid commissions and the monetary value of all of his earned and accrued vacation pay in such an amount as is proven at trial, interest (both pre- and post-judgment), the cost of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT III
## QUANTUM MERUIT

29. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-28 above, as if each were set forth herein.

30. In the alternative to Count II, should it be determined that Plaintiff did not have a contract with Defendant, Plaintiff performed services for Defendant under circumstances in which Plaintiff and Defendant reasonably expected that Plaintiff would be compensated by Defendant for his work.

31. Defendant has failed to pay Plaintiff the reasonable value of the services rendered, as reflected in Defendant's promises that Plaintiff would receive commissions at the rate of 6% of all revenue realized by Defendant from agreement between Defendant and Harbor as well as the monetary value of all of his earned and accrued vacation pay.

32. Plaintiff has been damaged by Defendant's failure to pay Plaintiff the reasonable value of the services he rendered to Defendant.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid

6

commissions and all earned and accrued vacation pay in such an amount as is proven at trial, interest (both pre- and post-judgment), the cost of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

33. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-32 above, as if each were set forth herein.

34. At all times, Defendant owed Plaintiff, as its employee, a duty of care.

35. Defendant, despite its duty of care to Plaintiff, negligently made false representations, confirmations, and promises, by and through its agents and officers, to Plaintiff that it would pay Plaintiff all of his earned commissions in the amount of 6% of the gross profit on Plaintiff's annual sales including, most notably, 6% of the gross profit on the deal Plaintiff facilitated between Defendant and Baltimore Harbor Hospital.

36. Defendant's representations to Plaintiff were intended to induce Plaintiff to enter into and/or remain in Defendant's employ.

37. As a result of Defendant's representations, confirmations, and promises, Plaintiff was enticed and persuaded to accept employment with Defendant and/or continue in its employ.

38. Defendant, at all time, had knowledge that Plaintiff would rely on its false representations, confirmations, and promises regarding Plaintiff's compensation in choosing whether to enter into and/or remain in Defendant's employ.

39. Plaintiff was justified in relying upon Defendant's false representations, confirmations, and promises and that in reliance thereupon, Plaintiff forewent alternative employment options and entered into and/or continued in Defendant's employ.

7

40. Defendant failed and refused to pay Plaintiff all of his earned commissions in the amount of 6% of the gross profits on all of Plaintiff's annual sales.

41. Defendant breached its duty of care to Plaintiff by representing, confirming, and promising to Plaintiff that he would be paid all of his earned commissions in the amount of 6% of the gross profits on all of Plaintiff's annual sales and then failing and refusing to pay Plaintiff as it represented, confirmed, and promised.

42. Plaintiff has been damaged by Defendant's false representations, confirmations, and promises and by his reliance thereon.

43. Plaintiff's damages include, but are not limited to, Defendant failing and refusing to pay Plaintiff his earned and owed commissions in the amount of $216,000.00. Defendant's negligence also caused Plaintiff to suffer lost future wages and emotional damages.

44. All of Plaintiff's damages were proximately caused by Defendant's negligence.

WHEREFORE, Plaintiff demands judgment against the Defendant on Count IV, for compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00), and such other relief as this Court or a jury deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                          Respectfully submitted,

                          _____/s/_____
                          Philip B. Zipin, Esq., Bar No. 03932
                          Gregg C. Greenberg, Esq. Bar No.17291
                          The Zipin Law Firm, LLC
                          8403 Colesville Road, Suite 610
                          Silver Spring, Maryland 20910
                          Phone: 301-587-9373
                          Fax: 301-587-9397
                          Email: pzipin@zipinlaw.com
                                  ggreenberg@zipinlaw.com

                          *Counsel for Plaintiff*